UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROY RENNA,<br>       Plaintiff,<br><br> - against -<br><br>NEW YORK MEDIA LLC,<br>       Defendant. | Docket No. 17-cv-01959<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Roy Renna ("Renna" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant New York Media LLC ("New York Media" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display Plaintiff's two copyrighted videos; one video depicting the removal of 40,000 bees from a Queens home, and one video depicting bees crawling, owned and registered by Renna, a New York-based photojournalist. Accordingly, Renna seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Renna is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 69-04 58th Road, Maspeth, NY 11378. Rennas's photographs have appeared in many publications around the United States.

6.      Upon information and belief, New York Media is a limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 75 Varick Street, 4th Floor, New York, NY 10013. Upon information and belief, NY Media is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, New York Media has owned and operated a website at the following URL: www.nymag.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      On May 19, 2015, Renna recorded: (1) a video showing the capture and removal of 40,000 bees and their hive from a Queens, New York residence, and (2) a video of a large number of bees crawling. True and correct copies of the Videos are attached hereto in DVD format as Exhibit A.

8.      Renna then licensed the Videos to Gothamist.com. On May 19, 2015, Gothamist.com ran an article that featured the Videos on its web edition entitled, *Video: Over 40,000 Bees Found Under Woman's Bedroom In Queens*. See

http://gothamist.com/2015/05/19/tony_bees_queens.php#photo-3. With respect to each of the Videos, Renna's name was featured in a gutter credit identifying him as the author of the video. A true and correct copy of the article featuring the Videos is attached hereto as Exhibit B.

9. Renna is the author of the Videos and has at all times been the sole owner of all right, title and interest in and to the Videos, including the copyright thereto.

10. The Videos were registered with the U.S. Copyright Office and was given Copyright Registration Number PA0002012461.

### B. Defendant's Infringing Activities

11. Upon information and belief, on or about May 19, 2015, New York Media ran an article on the Website entitled *All the Missing Bees Have Been Hiding Beneath This Queens Woman's Bedroom*. See http://nymag.com/daily/intelligencer/2015/05/40000-bees-removed-from-queens-womans-home.html. The article prominently featured a still image from one of the Videos (the "Photograph"), and imbedded another of the Videos on the Website in its entirety. A true and correct copy of the article is attached hereto as Exhibit C.

12. New York Media did not license the Videos or Photograph from Plaintiff for its article, nor did New York Media have Plaintiff's permission or consent to publish the Videos or still images from the Videos, on its Website.

13. Upon information and belief, New York Media removed Renna's gutter credit and did not attribute the Photograph to anyone.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST NEW YORK MEDIA)
### (17 U.S.C. §§ 106, 501)

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. New York infringed Plaintiff's copyright in the Videos by reproducing and publicly displaying the Photograph and one of the Videos on the Website. New York Media is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph or Videos.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by New York Media have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

18. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

19. Defendant's conduct described above is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST NEW YORK MEDIA**
**(17 U.S.C. § 1202)**

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. When Gothamist.com published Renna's Videos, they contained management information under 17 U.S.C. § 1202(b).

22.	Upon information and belief, in its article on the Website, New York Media intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23.	The conduct of New York Media violates 17 U.S.C. § 1202(b).

24.	Upon information and belief, New York Media's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25.	Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by New York Media intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. New York Media also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

26.	As a result of the wrongful conduct of New York Media as alleged herein, Plaintiff is entitled to recover from New York Media the damages that he sustained and will sustain, and any gains, profits and advantages obtained by New York Media resulting from its violations of 17 U.S.C. § 1202, including Plaintiff's attorney's fees and costs.

27.	Alternatively, Plaintiff may elect to recover from New York Media statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant New York Media be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant New York Media be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202;

3. That, with regard to the First Claim for Relief, Plaintiff be awarded his actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his/her costs, expenses and attorney's fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated:   March 17, 2017
         Valley Stream, New York

                                      LIEBOWITZ LAW FIRM, PLLC

                                      By: /s/   Kamanta C. Kettle
                                            Kamanta C. Kettle

                                            Richard P. Liebowitz
                                            Kamanta C. Kettle
                                            11 Sunrise Plaza, Suite 305
                                            Valley Stream, New York 11580
                                            Telephone:  (516) 233-1660
                                            RL@LiebowitzLawFirm.com
                                            KK@LiebowitzLawFirm.com

*Attorneys for Plaintiff Roy Renna*